Dear Ms. Taylor:
We are in receipt of your request for an opinion regarding the January 1993 purge of the Orleans Parish voter rolls as conducted by the Registrar of Voters for Orleans Parish. Specifically you have asked:
 What is the legality of the practice employed in the January, 1993 purge of the Orleans Parish voter rolls as conducted by the Registrar of Voters for Orleans Parish? (Principally, the practice in question relates to the purging of voters who were discovered to have had post office boxes or have had temporary forwarding addresses on file at the Post Office.)
You have provided our office with documents relating to similar cases where registered voters who receive mail both at their home and at post office boxes have been removed from the voter rolls by the registrar. In each case, the voters received a canvass card at their home address. However, the voters found their names on a list of names published by the Registrar in the newspaper, notifying them of their cancellation. You inform our office that a few voters were reinstated, but that the registrar made it clear that as long as they also kept a post office box, they would be automatically removed from the rolls.
Every citizen of Louisiana who is eighteen years old at the time of the election in which he wishes to vote; is an actual bona fide resident of this state, and the parish, municipality, or any precinct in which he offers to register; is not disenfranchised; and, who complies with the provisions set forth in the Election Code shall be eligible to vote in local, state, and national elections held in Louisiana. (LSA-R.S. 18:101)
LSA-R.S. 18:104(7) does require that a registrant include in his application a "place of residence, including street or apartment number or both, municipality (if any), if a rural address, sufficient information, in addition to route and post office box number, to identify the precinct of residence, and mailing address." LSA-R.S. 18:191 provides for the permanent registration of a person, so long as the registration is not canceled for cause. The procedure for conducting the canvass by the registrar includes the mailing to each registrant a card with the registrant's name and residence address, and his ward and precinct numbers. (LSA-R.S. 18:192(2)(a).) The postmaster must deliver the canvass card as addressed or return it to sender. If the canvass card is returned to the registrar, and no address is provided by the postmaster or if the corrected address provided is outside the parish, the registrar shall follow the procedures for challenging and canceling a registrant on the grounds that the registrant is no longer qualified to be registered. (LSA-R.S. 18:192(2)(b).) The "Residence address" is defined in the Election Code as a registrant's place of residence, except in the case of a registrant to whom the United States Postal Service will not deliver mail to his place of residence, it shall mean the registrant's mailing address. (LSA-R.S. 18:192(C).)
The procedures for challenging a voter are set forth in LSA-R.S.18:193, which include the following, in summation:
 1. The registrar shall first notify the person by first class mail, at the registrant's residence address as it appears on the registration records.
 2. The registrar shall include a printed citation requiring the person to appear at the Registrar's office within 21 days to show cause why his name should not be canceled.
 3. Within 5 days of mailing the notice, the registrar shall publish the names in the official journal of the parish.
 4. If the registrant fails to appear within 21 days, his name is canceled. However, if the registrar determines that a cancellation was made by his error, the registrar shall reinstate the voter's registration as though it never occurred.
The Election Code does not authorize any registrar to cancel a voter registration for the sole reason that a voter, in addition to a residence address, also has a post office box. Additionally, if the registrar mailed a canvass card to the voter's residence address, and said card was not returned to the registrar, the registrar had no reason to believe that the registrant no longer was qualified to be registered.
Therefore, in response to your specific question and facts, if the registrar canceled a voter because the voter maintains a post office box, but is otherwise qualified to vote pursuant to LSA-R.S. 18:101 et. seq., including a residence address within the state, parish, and municipality (if any) in which he registers to vote, then it is our opinion that said voter should be reinstated in accordance with law. Additionally, we defer to our earlier Opinion No. 91-573 (enclosed herein), where we concluded that "error of the registrar" in LSA-R.S. 18:193(D) includes the error in canceling a person who has not changed residence within the parish.
With regard to a voter having a temporary forwarding address on file at the post office, the Election Code provides for the postmaster to provide an address correction when available. (R.S. 18:192(2)(a).) If a canvass card is returned with a corrected address within the parish, the registrar shall make the change on his records and mail a new card. However, it is conceivable that the postmaster may only provide corrected addresses for a certain length of time; therefore, causing a canvass card to be returned to the registrar without a correction. In such an instance, the registrar would have reason to believe that a registrant is no longer qualified and proceed to challenge and cancel the registrant. The registrant should reapply at this time with proof of qualification.
We hope that we have addressed all of your concerns in this matter; however, if we can be of further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/lg
Enclosures